# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ELVA SAENZ, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| AMSHER COLLECTION SERVICES, INC., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, ELVA SAENZ, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Further, Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA and state law claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. The Plaintiff, ELVA SAENZ ("Plaintiff" or "Mrs. Saenz"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant AMSHER COLLECTION SERVICES, INC. ("AMSHER"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

9. AMSHER at all times acted by and through one or more of its debt

collectors or other agents (the "Collectors").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

10. Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The Debt was purchased, assigned or transferred to AMSHER for collection, or AMSHER was employed by the Creditor to collect the Debt.

13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### AMSHER Engages in Illegal Collection Tactics

### FACTS

14. Within the one year prior to filing the instant complaint, AMSHER placed numerous calls to the Plaintiff to collect the Debt.

15. However, Plaintiff did not owe the Debt to AMSHER and its collection efforts were directed at the wrong party.

16. While the Plaintiff requested AMSHER cease its collection efforts, AMSHER persisted in placing calls to the Plaintiff to the collection the Debt which

she did not owe.

17. AMSHER also placed collection at times which were very inconvenient for the Plaintiff to accept calls and when the calls would be considered by any ordinary person as collection harassment.

18. Specifically, AMSHER placed collection calls to the Plaintiff on the following times and dates:

> 03/14/2016 05:52:19 AM
> 03/14/2016 07:52:54 AM

19. This lawsuit results.

## Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of AMSHER's unlawful conduct.

21. As a direct consequence of Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection calls. Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time and minutes from cell phone use, for which the Plaintiff is charged a fee.

## Respondeat Superior Liability

22. The acts and omissions of AMSHER, and the other debt collectors

employed as agents by AMSHER who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AMSHER.

23. The acts and omissions by AMSHER and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by AMSHER in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, AMSHER and these other debt collectors were motivated to benefit their principal, Defendant AMSHER.

25. AMSHER is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

26. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

27. The TCPA regulates, among other things, the use of automated telephone dialing systems.

28. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system

("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

29. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

30. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

31. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

32. On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id.* at ¶ 30.

33. Further, consumers (like the Plaintiff) may revoke consent through any reasonable means. *Id.* at ¶ 47.

34. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id.* at ¶ 58.

35. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id.* at ¶ 61.

36. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id.* at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

37. Within the four years prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant from the following phone number: (855) 754-1042.

---

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

38. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

39. Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "5473" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

40. Within the four years prior to filing the instant complaint, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

41. Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

42. However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

43. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

44. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

46. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

## COUNT I

### Violations of the FDCPA
### (15 U.S.C. § 1692 *et seq.*)

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that on numerous occasions Defendant placed calls to Plaintiff's telephone before 8:00 a.m. and after 9:00 p.m. Specifically, Defendant placed calls to Plaintiff's cell phone before 8:00 a.m. and after 9:00 p.m. on (at least) the following dates and times:

```
03/14/2016 05:52:19 AM
03/14/2016 07:52:54 AM
```

49. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt by threatening to take legal action, which it could not carry out.

50. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

51. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action which it could not legally carry out.

52. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

53. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

54. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

55. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

56. The Plaintiff is entitled to damages as a result of Defendant's violations.

57. The Plaintiff has been required to retain the undersigned as counsel to

protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Negligent Violations of the
### Telephone Consumer Protection Act,
### (47.S.C. § 227, *et seq.*)

58. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

59. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

60. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

61. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47.S.C. § 227, *et seq.*)

63. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

64. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

65. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

66. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant awarding the Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress

the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

5. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

6. Punitive damages;

7. An award of attorney's fees and costs to counsel for Plaintiff; and

8. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 24, 2016

>Respectfully submitted,
>By  /s/ David H. Krieger, Esq.
>David H. Krieger, Esq.
>Nevada Bar No. 9086
>HAINES & KRIEGER, LLC
>8985 S. Eastern Avenue, Suite 350
>Henderson, Nevada 89123
>Phone: (702) 880-5554
>FAX: (702) 385-5518
>Email:dkrieger@hainesandkrieger.com
>
>Attorney for Plaintiff
>*ELVA SAENZ*